IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION AT GREENEVILLE

| | |
|---|---|
| LARRY R. COMBS | ) |
|     Plaintiff, | ) |
| vs. | ) No. _____ |
| | ) **JURY DEMAND** |
| MOUNTAIN STATES HEALTH ALLIANCE, d/b/a, JOHNSON CITY MEDICAL CENTER<br>Agent: Timothy Belisle<br>    400 North State of Franklin Rd.<br>    Johnson City, TN 37604 | ) |
| WATAUGA ORTHOPAEDICS, PLC<br>Agent: Marc Aiken<br>    2410 Susannah Street<br>    Johnson City, TN 37601 | ) |
| ROBERT J. DETROYE, M.D.<br>2410 Susannah Street<br>Johnson City, TN 37601 | ) |
| GREGORY LEE STEWART, M.D.<br>2410 Susannah Street<br>Johnson City, TN 37601 | ) |
| MARC A. AIKEN, M.D.<br>2410 Susannah Street<br>Johnson City, TN 37601 | ) |
|     Defendants. | ) |

## COMPLAINT

1. The jurisdiction of this Court, under 28 USCA § 1332, is founded upon the diversity of citizenship of the parties and the amount in controversy which,

1

exclusive of

interest and costs, exceeds the sum of $75,000.00.

2. This is a cause of action for medical malpractice.

3. Plaintiff has complied with the Notice requirement set forth at Tennessee Code Annotated § 29-26-121(a).

4. Plaintiff is a citizen and resident of the Commonwealth of Virginia.

5. Defendant Mountain States Health Alliance, d/b/a, Johnson City Medical Center is a corporate entity organized and existing under the laws of the State of Tennessee. At all times material, Defendant acted by and through its employees, servants, agents, and/or apparent agents, who in turn were acting within the course and/or scope of their employment and/or agency.

6. Defendant Watauga Orthopaedics is a corporate entity organized and existing under the laws of the State of Tennessee. At all times material, Defendant acted by and through its employees, servants, agents, and/or apparent agents, including but not limited to, Defendants DeTroye, Stewart, and Aiken, who in turn were acting within the course and/or scope of their employment and/or agency.

7. On or about June 15, 2008, Plaintiff was working with a horse when he was bitten by the horse sustaining an open fracture of the left forearm with multiple wounds over the left forearm.

8. Plaintiff was admitted to the Johnson City Medical Center on June 15, 2008 but was not given surgical intervention until June 16, 2008.

9. On or about June 16, 2008, Plaintiff was taken to surgery by Defendant Robert J,

2

DeTroye, M.D.

10. Defendant DeTroye stabilized the fracture of Plaintiff's arm utilizing internal fixation with plates and screws and then placed a wound vac.

11. On or about July18, 2008, Plaintiff was taken back to the operating room by Defendant Gregory Lee Stewart, M.D. Defendant Stewart noted a near full-thickness loss of skin on the extensor surface of the forearm with extensive necrosis and purulence, extensive ulnar-sided necrosis of the muscle bellies, a small puncture wound at the level of the carpal tunnel with purulence, volar wound that communicated through the interosseous membrane to the extensor side. Defendant Stewart debrided necrotic skin an obtained an intraoperative consult with a plastic surgeon to discuss soft tissue coverage.

12. On or about July 20, 2008, Plaintiff was again taken to the operating room by Defendant Aiken for irrigation and debridement. Several sutures were removed to assure no purulence under the incisions. The dorsal aspect of Plaintiff's forearm was completely exposed with some metal showing distally.

13. The standard of care for hospitals and/or physicians treating barnyard injuries is to treat such injuries very aggressively. Immediate irrigation, debridement, and antibiotic therapy are required. If emergency physician treatment was not immediately available and/or if appropriate and competent physicians were not available to treat Plaintiff, the standard of care required that he be transferred to an appropriate Level 1 trauma center.

14. The standard of care required external fixation where there was significant skin

3

loss and poor skin coverage of the underlying structures.

15. Had Plaintiff been immediately treated by a physician competent to assess and aggressive manage his injuries, he more likely than not would have received appropriate treatment and would have enjoyed a substantially better outcome.

16. Defendant DeTroye was negligent and/or deviated from the recognized standard of acceptable professional practice. Such negligence and/or deviations consisting of, *inter alia*:

   a) Failing to immediately assess and aggressively treat Plaintiff's injuries which he knew or should have known had a high likelihood of developing severe infection at the fracture site;

   b) Failing to timely consult a wound care specialist or other physician competent to treat Plaintiff;

   c) Failing to transfer Plaintiff to an appropriate Level 1 trauma center given the severity of Plaintiff's injuries and the likelihood of severe infection;

   d) Performing an open reduction/internal fixation of a wound/fracture with significant skin loss and poor skin coverage of the underlying structures;

   e) Other acts of negligence that will be shown at trial.

17. Defendant Stewart was negligent and/or deviated from the recognized standard of acceptable professional practice. Such negligence and/or deviations consisting of, *inter alia*:

   a) Failing to immediately assess and aggressively treat Plaintiff's worsening injuries which he knew or should have known had a high likelihood of

4

developing severe infection at the fracture site and which injuries he knew or should have known were worsening; which he knew or should have known had a high likelihood of developing severe infection at the fracture site and which injuries he knew or should have known were worsening;

b) Failing to timely consult a wound care specialist or other physician competent to treat Plaintiff;

c) Failing to transfer Plaintiff to an appropriate Level 1 trauma center given the severity of Plaintiff's injuries and the likelihood of severe infection;

d) Other acts of negligence that will be shown at trial.

18. Defendant Aiken was negligent and/or deviated from the recognized standard of acceptable professional practice. Such negligence and/or deviations consisting of, *inter alia*:

a) Failing to timely consult a wound care specialist or other physician competent to treat Plaintiff;

b) Failing to transfer Plaintiff to an appropriate Level 1 trauma center given the severity of Plaintiff's injuries and the likelihood of severe infection;

c) Other acts of negligence that will be shown at trial.

19. Defendant Mountain States Health Alliance, d/b/a, Johnson City Medical Center was negligent and/or deviated from the recognized standard of acceptable professional practice. Such negligence and/or deviations consisting of, *inter alia*:

a) Failing to provide emergency or other physicians competent and available to immediately assess and aggressively treat Plaintiff's worsening injuries;

    b)      Failing to transfer Plaintiff to an appropriate Level 1 trauma center given the severity of Plaintiff's injuries and the likelihood of severe infection;

    c)      Other acts of negligence that will be shown at trial.

20. As a direct and proximate result of the negligence and/or deviations of the Defendants, Plaintiff suffered severe and recurring necrosis and tissue loss resulting in severe and permanent personal injuries and disability including, but not limited to, the loss of use of Plaintiff's hand and arm. Plaintiff's injuries are permanent in their effect on his capacity to earn a living and enjoy life. Plaintiff has incurred past medical expenses and will continue to incur medical expenses into the future.

21. This cause is being brought more than one year from the date of some of the acts of negligence complained of but within one year of the date of discovery of the acts of negligence.

22. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff prays that he be granted trial by jury and that he be awarded _____ $3,500,000.00 _____ in damages.

6

Case 2:09-cv-00255-JRG-DHI  Document 1  Filed 11/13/09  Page 6 of 7  PageID #: 6

_____
Sidney W. Gilreath (BPR 2000)
Gilreath & Associates
550 Main Avenue, Suite 600
P. O. Box 1270
Knoxville, TN 37901-1270
(865) 637-2442

Mr. Carl McAfee
McAfee Law Firm
1033 Virginia Avenue NW
P. O. Box 656
Norton, VA 24273-0656

***Attorneys for Plaintiff***